UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | 22-CR-126-MRD-PAS |
| | : | |
| GEOVHAN THOMAS | : | |

**ORDER**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

Defendant Geovhan Thomas has filed a *pro se* motion asking the Court to order disgorgement of attorney's fees paid to his former attorney, Scott A. Lutes, pursuant to a private contractual agreement. ECF No. 63. At his initial appearance, Defendant was declared indigent and eligible for court-appointed counsel. ECF No. 8. Less than a week later, however, Defendant chose to forego appointed counsel and "borrowed" $18,000 from a "family member" to hire Attorney Lutes. ECF Nos. 13; 63 at 1. Defendant was not satisfied with Attorney Lutes' representation, terminated him in September 2023, and retained a different attorney. ECF Nos 26; 63 at 1-2; Text Order of Sept. 5, 2023. Defendant alleges that he terminated Attorney Lutes because he "refused to file or even discuss filing any substantive pretrial motions" and "refused to obtain or share . . . discovery," as well as that he gave untrue advice ("the feds do not give discovery"). ECF No. 63 at 1. Attorney Lutes withdrew from the case almost three years ago on September 5, 2023. Text Order of Sept. 5, 2023. Since that time, Defendant retained and discharged another privately engaged attorney, has again been found eligible for court-appointed counsel and now has a court-appointed attorney.

"Federal courts have often exercised authority under the doctrine of ancillary jurisdiction to resolve fee disputes between parties and their attorneys that arise out of the underlying

litigation."[1]  Law Offices of David Efron v. Matthews & Fullmer Law Firm, 782 F.3d 46, 51 (1st Cir. 2015).  Whether or not a court exercises that authority, however, is left to the sound discretion of the court.  Levitt v. Brooks, 669 F.3d 100, 103-04 (2d Cir. 2012) (per curiam) (listing non-exhaustive factors a court may consider in invoking ancillary jurisdiction).  Ancillary jurisdiction over fee disputes is available in criminal cases.  Garcia v. Teitler, 443 F.3d 202, 207 (2d Cir. 2006).  In the criminal context, however, a court's ancillary jurisdiction should only be invoked where it is "necessary to guarantee a criminal defendant's right to choose his own counsel, to avoid the possibility of defendants becoming indigent, and to protect a defendant from a lawyer engaging in self-dealing or conflicts of interest."  United States v. Frank, Case No. 04-20778-CR-JORDAN/TORRES, 2008 WL 11410076, at *4 (S.D. Fla. Jan. 8, 2008); see Garcia, 443 F.3d at 208-10 (appropriate for district court to become involved in resolving fee dispute in criminal case after withdrawal of attorney because, in the unique circumstances presented, resolution of fee dispute relates to the court's ability to "function successfully") (internal quotation marks omitted).  Thus, in recognition that an attorney's fee dispute arises under state law, a district court may decline to exercise ancillary jurisdiction when factual interdependency between the fee dispute and the criminal matter is absent.  United States v. Bui, 674 F. App'x 114, 116-17 (3d Cir. 2017) (per curiam); see United States v. Ruiz, 17-CR-00172, 19-CV-06973, 2020 WL 3403117, at *1 (E.D.N.Y. June 19, 2020) (court declines to exercise ancillary jurisdiction over fee dispute that involves disputed facts that are beyond the scope of the criminal case).

---

[1] A federal court's ancillary jurisdiction serves two purposes – "to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent" and "to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees."  United States v. Coloian, 480 F.3d 47, 50 (1st Cir. 2007) (internal quotation marks omitted).

Based on the foregoing, the Court declines to exercise ancillary jurisdiction to conduct proceedings to resolve the almost three-year-old state law dispute between Defendant and his former attorney regarding whether Attorney Lutes breached his contractual duty by not filing certain motions and failing to obtain discovery and whether fee disgorgement is a proper remedy to be pursued in the context of this ongoing criminal case.  Since Defendant had been declared eligible for court-appointed counsel, and a new attorney has been appointed for him, this is not a circumstance where the Court's exercise of ancillary jurisdiction is necessary to guarantee Defendant's right to choose counsel nor is disgorgement necessary to avoid the possibility of Defendant becoming indigent, nor is there any other factual interdependency between the Lutes fee dispute and the ongoing criminal matter.  See Frank, 2008 WL 11410076, at *4; Bui, 674 F. App'x at 116-17.  Accordingly, to the extent that the motion asks this Court to exercise ancillary jurisdiction to order fee disgorgement from Attorney Lutes, it is denied.

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
April 29, 2026

3